Tate vs. Tate et al.

---

TATE vs. TATE et al.

1. "CHAPTERS OF THE DIGEST": *Chapter 1 not legally enacted.*
   Chapter 1 of the "CHAPTERS OF THE DIGEST" was never legally enacted; and probate courts acquired no jurisdiction under it of the administration of partnership effects; and a bond given by a surviving partner as administrator of the partnership effects, was without consideration, in violation of his rights as surviving partner and owner of the property, and void.

2. PARTIES: *In actions for interest of a deceased partner in partnership effects.*
   In an action against the surviving partner for the interest of a deceased partner in the partnership property, after settlement of the partnership business, the personal representative, and not the heir or widow of the deceased partner, is the proper plaintiff.

APPEAL from *Howard* Circuit Court in Chancery.
Hon. L. J. JOYNER, Circuit Judge.
*Rose*, for appellant.

HARRISON, J. William W. and Moses D. Tate were merchants and partners under the firm of W. W. Tate & Brother, at Center Point, then in Sevier, and now in Howard county. Moses D. Tate died, intestate, on the twenty-eighth day of October, 1870. On the thirty-first

day of the same month, William W. Tate, in accordance with the provisions of chapter 1 of what is known as the "Chapters of the Digest," applied to the probate court of Sevier county, to be, as surviving partner, appointed administrator upon the partnership property and effects, and having executed a bond to the state in the penal sum of six thousand dollars, conditioned as hereafter stated, with John R. Z. Vaughn, Richard D. Owens and William C. Graves, Jr., as his sureties, he was so appointed.

The condition of the bond was as follows: "The condition of the above bond is that, if William W. Tate, surviving partner of the late firm of W. W. Tate & Brother, shall use due diligence and fidelity in closing the affairs of the late copartnership, apply the property thereof towards the payment of the partnership debts, render an account annually, upon oath, to the court, of all the partnership affairs, including the property owned by the late firm, and the debts due thereto, as well as what may have been paid by the survivor towards the partnership debts, and what may still be due and coming therefor, and pay over within two years (unless longer time be allowed by the court) to the executor or administrator, the excess, if any there be, beyond satisfying the partnership debts and costs and expenses, in closing the affairs of the copartnership, then the above bond to be void—otherwise to remain in full force."

He proceeded to make an inventory of the effects, and to have the goods appraised, and returned the inventory and appraisement to the court; according to which the value of the goods was $2,300.03, and there was due the concern on the books and in notes, $7,092.28.

There was also a store-house in Center Point worth $500. He afterwards, on the first day of February, 1871, pro-

cured from the court an order to sell the goods at auction, which he did, but no sales-bill was ever filed or report of the sale made, and no further proceedings in the matter were had, and at the July term, 1872, it was dismissed as not within the jurisdiction of the court.

Moses D. Tate left a daughter, Alice E., an infant, his sole heir, and a widow, Louisa, who had since intermarried with William L. Dobson.

William C. Graves, Jr., and John R. Z. Vaughn, two of the sureties in the bond, had since died. William C. Graves, Jr., left a will, of which Joseph Graves was the executor. John R. Z. Vaughn died intestate, and there was no administration upon his estate. He left a widow, Eliza E. Vaughn, and five children, Martha R. P., John W., Joseph D., Maria E. and James C. Vaughn, his heirs.

Alice E. Tate, by her guardian, Nathan Levi, and William L. Dobson and his wife, Louisa Dobson, brought this suit against William W. Tate, Richard D. Owens, Joseph Graves, as executor of William C. Graves, Jr., Eliza Vaughn, Martha R. P. Vaughn, John W. Vaughn, Joseph D. Vaughn, Maria E. Vaughn and James C. Vaughn, for an account and settlement by said William W. Tate, as such partnership administrator of the partnership property, and they prayed a decree against all the defendants for the sum which should be found severally due them.

William W. Tate, Richard D. Owens and Joseph Graves demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The other defendants made no defense.

The court sustained the demurrer, and dismissed the complaint.

The plaintiffs appealed.

Tate vs. Tate et al.

1. "Chap-
ters of the
Digest."
Chapter 1
not legally
enacted.

Chapter 1 of the "Chapters of the Digest" was never enacted as a law by the general assembly, and the probate court had no jurisdiction of the subject-matter to which the proceedings in it related.

But it is insisted that the proceedings were afterwards validated by the act of February 25, 1873, "to confirm and make valid certain acts done and performed under certain supposed acts of the legislature," called "Chapters of the Digest."

The only provision in the act relating to partnership property upon the death of a partner, or to surviving partners, is the following, found in sec. 1: "Administrators of partnership effects shall close up said partnership business as surviving partners, but their acts as administrators heretofore performed, *when legal*, shall be valid and binding."

The probate court had, before the act was passed, dismissed the proceeding and renounced the jurisdiction it had assumed.

Though it may be that the act validated and gave force to the bond in cases where the executor or administrator of the deceased partner took charge of and administered the partnership effects, in exclusion of the surviving partner— as to which, however, we need express no opinion—we can find no good reason to hold that it did so, where the surviving partner, the rightful owner, retained possession of the property and effects, and settled the business of the concern.

He did not obtain possession by means of the bond, and it was without consideration, and for that reason, as well as that the condition was in violation of his right as surviving partner and owner of the property, could have no validity as a common law bond, and was altogether void.

The administrator of Moses Tate is the person entitled to receive from the surviving partner what is due his estate after the partnership business is settled, and he, and not his heir or widow, should sue the surviving partner for an account or settlement. 2. PARTIES: For interest of deceased partner in partnership effects

We can see no reason why the widow and heirs of John R. Z. Vaughn were made defendants.

The decree is affirmed.